# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANN MARIE DIETRICH,**

          **Plaintiff,**

**-vs-**                                            **Case No.  6:10-cv-1898-Orl-22DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR ATTORNEY FEES (Doc. No. 30)** |
| **FILED:** | **February 25, 2014** |

_____

     **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

     As set forth in the motion, Plaintiff's attorney, petitions this Court pursuant to 42 U.S.C. §406(b) for authorization to charge his client, Ann Marie Dietrich, a reasonable fee for federal court representation in the amount of $20,624.40.  Counsel represents that Petitioner provided legal services pursuant to a fee agreement providing for attorney fees in the amount of 25% of any past due benefits awarded to Plaintiff and any auxiliary beneficiaries.  The fees sought here is based on counsel's calculations regarding past due benefits allegedly received by Plaintiff and her children.

     There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C.

§ 2142(d).  Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level.  The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B).  Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d).  Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).  Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The Fifth Circuit has held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).  Thus, in this circuit,[1] the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits.  *See Paltan v. Commissioner of Social Security,* 518 Fed. Appx. 673 (11th Cir. 2013); *Bookman v. Commissioner of Social Security,* 490 Fed. Appx. 314 (11th Cir. 2012).

By contrast, the EAJA permits a *claimant* to seek an award of fees against *the government* for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A).  The EAJA contains a Savings Provision that

---

[1]In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note. *See also Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

As the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits and "double dipping" under the EAJA is not allowed, the Court needs to know the amount awarded under § 406(a), if any, amounts paid under EAJA, if any, and the total amount of past due benefits calculated by the agency, in order to evaluate the § 406(b) motion.

Applied here, following this Court's reversal of the decision of the Commissioner denying disability benefits, the case was remanded for further administrative proceedings which ultimately resulted in an award of past-due Social Security Disability benefits to Plaintiff and her two children. According to the motion and supporting attachments, Plaintiff was awarded $82,011.00; her first auxiliary beneficiary (HC1) received $21,758.00; and her second beneficiary (C2) received $21,758.00. The total past-due benefits payable to Plaintiff and her auxiliary beneficiaries is $125,527.00. Twenty five percent of those benefits is $31,381.75. The Court previously awarded attorney's fees to counsel pursuant to the EAJA, in the amount of $4,767.35 (Docs. 27-29). Additionally, counsel represents that a fee in the amount of $6,000 has been awarded under §406(a).

Plaintiff's counsel contends that he is entitled to charge his client a fee of $20,624.40, calculating the attorney fee due under the fee agreement between Petitioner and Plaintiff payable from past-due Social Security benefits as $26,624.40 (25% of the past-due benefits, $31,381.75, minus the EAJA fees awarded, $4,767.35, equals $26,624.40), and reducing the amount of the fee requested to $20,624.40, so that the total 406(a) fee ($6,000.00), the 406(b) ($20,624.40), and the EAJA fee ($4,767.35) "will not exceed 25% of Plaintiff's past-due benefits ($31,381.75)." The Court disagrees

with the calculation. Indeed, as calculated by counsel, the sum of the 406(a), 406(b) fees, and EAJA fee *does* exceed the 25% cap (6,000 + 20624.40 + 4767.35 = $31, 3**9**1.75).

The proper method of calculation is set forth in *Paltan.* As the §406(a) fee and §406(b) fee cannot exceed 25% of the past due benefits, the Court *first* subtracts the §406(a) fee ($6,000) from the amount of the past due benefits available for attorney's fees ($31,381.75) to arrive at the maximum amount available to counsel under §406(b), which yields $25,381.75 here. *See also Scoggins v. Commissioner of Social Sec.*, Case No. 5:08–cv–278–Oc–TBS, 2011 WL 6010300, *2 (M.D.Fla. Nov. 30, 2011) ("[w]hen attorney fees for work at the administrative level under 42 U.S.C. § 406(a) are granted, these attorney fees are subtracted from the total amount of 25% of the past-due benefit. Plaintiff's counsel is therefore only entitled to the portion of the ... amount that remains after any attorney fees under § 406(a) have been deducted."). As counsel has expressed a willingness to deduct the smaller EAJA fee from the §406(b) fee, this results in a maximum fee of $20,614.40 ($25,381.75 minus $4,767.35).

As to the merits of the instant request, Petitioner contends that the amount of the fee requested is reasonable under §406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 70 U.S.L.W. 4477 (2002). As the undersigned noted in *Whalen v. Commissioner of Social Sec.*, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Case No. 6:10cv865–Orl–22DAB, 2012 WL 2798486, *2 (M.D. Fla. 2012) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir.1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the

-4-

claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells*, 907 F.2d at 372; *McGuire*, 873 F.2d at 981; *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

Applied here, as the original amount sought exceeds the fee cap by ten dollars, it is not reasonable.  That said, to the extent the fee request is modified to $20,614.40, the Court finds the lesser amount to be reasonable under the principles of *Gisbrecht*.  While the fee is handsome by any standard,[2] Petitioner notes that his representation extended over a three year period, includes additional time spent "to make sure Plaintiff received all the benefits too [sic] which she was entitled," and resulted in an award to Plaintiff and her children in excess of $125,000 in past due benefits, plus ongoing disability and Medicare benefits.  The fee is consistent with that agreed to by Plaintiff and is uncontested by the Commissioner.  It is therefore respectfully **RECOMMENDED** that the Motion be **GRANTED**, and Mr. Culbertson be authorized to charge his client $20,614.40, consistent with the fee agreement and the findings herein.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2]Petitioner asserts that he and his associate spent 26.6 hours on the case at the federal court level and at least another twenty hours at the administrative level, presumably after remand.  This yields an hourly rate of approximately $442.37.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy